UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA AMES,<br>        Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.,<br>        Defendant. | Case No. 23-cv-01080-DMR<br><br>**ORDER TO SHOW CAUSE** |

Self-represented Plaintiff Linda Ames filed a complaint and an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 3.] The complaint alleges the following claims against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") related to the 2013 foreclosure of real property located at 10810 NW 13th Place, Vancouver, Washington 98685: 1) wrongful foreclosure; 2) violation of the Unfair and Deceptive Trade Practices Act; 3) conversion; 4) fraud; 5) and civil conspiracy. Plaintiff alleges the complaint satisfies the requirements of diversity jurisdiction. Compl. ¶¶ 4-6.

The court takes judicial notice of the fact that Ames previously filed a complaint against Wells Fargo in state court in Washington alleging similar claims related to the foreclosure and sale of the same real property, i.e., 10810 NW 13th Place, Vancouver, Washington 98685. Wells Fargo removed the action to the United States District Court for the Western District of Washington. *See Ames v. Wells Fargo Bank NA*, No. 3:20-CV-5246-BHS-DWC, 2020 WL 6434821, at *1 (W.D. Wash. June 9, 2020), *report and recommendation adopted,* No. C20-5246 BHS, 2020 WL 5105458 (W.D. Wash. Aug. 31, 2020); *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."). Ames's complaint alleged claims for

wrongful foreclosure, conversion, fraud, misrepresentation, and civil conspiracy. Ames also asked the court to set aside and vacate the summary judgment granted in an earlier state court action. *Ames*, 2020 WL 6434821, at *1, n.1. Wells Fargo moved to dismiss the complaint on the basis of collateral estoppel based on the fact that the state court had already granted summary judgment against Ames on the same issues. *Id*. at *1-2. The court concluded that collateral estoppel, also known as issue preclusion, applied because Ames had previously litigated "the legality of the foreclosure and sale of Ames's property, and the allegedly fraudulent activity of the various companies involved in that foreclosure and sale" in a state court proceeding that had ended with a final judgment on the merits. *Id*. at *2-4. Ames's complaint was eventually dismissed with prejudice. *See id*. at *5; 2020 WL 5105458, at *2-3.

Under the doctrine of res judicata, a party cannot relitigate a claim that was previously decided. California law provides that "[r]es judicata applies if (1) the decision in the prior proceeding [was] final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Rangel v. PLS Check Cashers of California, Inc.*, 899 F.3d 1106, 1110 (9th Cir. 2018) (quoting *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004)). "Under California's 'primary rights' approach to res judicata, 'cause of action' refers to 'the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced.'" *Id*. at 1111 (quoting *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010)). In other words, if a court has already ruled against a plaintiff on a cause of action, the plaintiff cannot relitigate it by bringing a different cause of action if it addresses the same harm.

The court orders Ames to explain why her claims in this action are not barred by res judicata, including addressing the elements of res judicata under California law as set forth above, by no later than **May 11, 2023.** If Ames fails to respond by that date, the court may prepare a report and recommendation recommending dismissal of the case for failure to prosecute.

The court refers Ames to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for

unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: April 12, 2023



Judge Donna M. Ryu
Chief Magistrate Judge