UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA AMES,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 23-cv-01080-DMR<br><br>**ORDER TRANSFERRING CASE** |

    Self-represented Plaintiff Linda Ames filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP"). [Docket No. 1-3.] The complaint alleges claims related to the 2013 foreclosure of property located in Vancouver, Washington against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff avers the complaint satisfies the requirements of diversity jurisdiction because she resides in Washington, Wells Fargo's principal place of business is in California, and the amount in controversy exceeds $75,000. Compl. ¶¶ 4-6.

    The court issued an Order to Show Cause ("OSC") in which it took judicial notice of the fact that Plaintiff previously filed a complaint against Wells Fargo alleging similar claims related to the foreclosure and sale of the same real property in Washington. In that case, Wells Fargo removed the action to the United States District Court for the Western District of Washington. The court dismissed the complaint with prejudice based on collateral estoppel, finding that "the legality of the foreclosure and sale of Ames's property, and the allegedly fraudulent activity of the various companies involved in that foreclosure and sale," were identical to issues decided in a prior state court action. *See Ames v. Wells Fargo Bank NA*, No. 3:20-CV-5246-BHS-DWC, 2020 WL 6434821, at *2-4 (W.D. Wash. June 9, 2020), *report and recommendation adopted,* No. C20-5246 BHS, 2020 WL 5105458, at *2-3 (W.D. Wash. Aug. 31, 2020) (dismissing complaint with prejudice). The court ordered Plaintiff to explain why her claims in this action are not barred by

the doctrine of res judicata. [Docket No. 14 (OSC).] Plaintiff filed an untimely response to the OSC.[1,2] [Docket Nos. 26, 27.]

On October 2, 2023, the court issued a second Order to Show Cause. [Docket No. 32 (Second OSC).] The court explained that pursuant to 28 U.S.C. § 1391(b), "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b). The court noted that venue for this action appears to be proper in the United States District Court for the Western District of Washington because that is where "a substantial part of property that is the subject of the action is situated," i.e., the real property in Vancouver, Washington that was subject to foreclosure. *See* Second OSC at 3 (quoting 28 U.S.C. § 1391(b)(2)). The court noted that "[t]here is no indication that Plaintiff's claims have any connection to this district, other than the fact that Plaintiff alleges that Wells Fargo's principal place of business is located here." *Id*. It also noted that "the Western District of Washington has already examined similar claims by Plaintiff challenging the 2013 foreclosure by Wells Fargo [of the property in Vancouver, Washington] and evaluated the prior state court action and the issue of collateral estoppel." *Id*. Accordingly, the court ordered Plaintiff to explain why this case should not be transferred to the Western District of Washington pursuant to 28 U.S.C. § 1404(a), which provides that a court may transfer a civil action to any other district "[f]or the convenience of parties and witnesses [and] in the interest of justice." *Id*.

Plaintiff timely filed a statement in response. [Docket No. 33.] In her response, Plaintiff

---

[1] Plaintiff's response to the OSC was due by May 11, 2023. She did not file a response until May 15, 2023.

[2] Plaintiff served Wells Fargo with the summons and complaint even though the court has not yet resolved the OSC and Plaintiff's IFP application. Wells Fargo appeared and filed motions to dismiss and to declare Plaintiff a vexatious litigant. [*See* Docket Nos. 18, 24.] These motions are not yet at issue because the complaint remains pending review under 28 U.S.C. § 1915(e)(2)(B). Given the procedural posture of the case, the court ordered Wells Fargo to refrain from responding to the second OSC regarding venue pending further order(s) by the court. Second OSC 3 n.2. Nonetheless, Wells Fargo filed a "reply" to Plaintiff's response to the second OSC. [Docket No. 34.]

notes various acts related to the foreclosure at issue that purportedly took place in California, including the origination of the "original loan which is the subject of this lawsuit" in California and Wells Fargo's substitution of a trustee with a California address. *Id*. at 1-2. She also attempts to distinguish the basis for her prior action against Wells Fargo from this action. *Id*. at 13-14 ("The prior action was an unsuccessful attempt to claim that the foreclosure was wrongful. Now, the claim is that the successful foreclosure was wrongful because the mortgage was satisfied and Wells [Fargo] did not disclose that information to the Court.").

28 U.S.C. § 1404(a) provides that a court may transfer a civil action to any other district "[f]or the convenience of parties and witnesses [and] in the interest of justice." Plaintiff does not describe any of the witnesses, state where they are located, explain why this court is more convenient for her or any other party, or address how the interest of justice weighs against transferring the case. The court construes Plaintiff's failure to explain why this case should not be transferred as an admission that the most convenient venue for her case is the Western District of Washington.[3] Accordingly, the court transfers this matter to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).[4] The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 27, 2023

_____
DONNA M. RYU
Chief Magistrate Judge

---

[3] Given the court's conclusion that transfer to the Western District of Washington is proper under 28 U.S.C. § 1404(a), it does not reach Wells Fargo's argument that venue in this district is improper under the "local action doctrine," under which "[a] local action involving real property can only be brought within the territorial boundaries of the state where the land is located." *See Julio v. Wells Fargo Bank*, No. 11-CV-00696-LHK, 2011 WL 11048327, at *2 (N.D. Cal. July 21, 2011) (dismissing action seeking to quiet title to real property in Hawaii and related claims, including mortgage rescission, for improper venue) (quoting *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 287 (5th Cir. 1987)).

[4] Plaintiff declined magistrate judge jurisdiction. [Docket No. 22.] Wells Fargo consented to magistrate judge jurisdiction. [Docket No. 21.] Venue transfer is a non-dispositive matter and thus falls within the scope of the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(B)(1)(A).