United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MARIE AMES,<br>   Plaintiff,<br> v.<br>WELLS FARGO BANK, N.A.,<br>   Defendant. | Case No. 23-cv-01080-DMR<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 37 |

On October 27, 2023, the court transferred this case to the Western District of Washington pursuant to 28 U.S.C. § 1404(a). [Docket No. 36.] The case was electronically transmitted to the Western District of Washington and entered on the docket of that court on October 30, 2023. On the same day, Plaintiff Linda Ames filed a document entitled "Objection to Magistrate's Recommendation" that she docketed as an "Emergency Motion for Reconsideration" of the Order transferring the case. [Docket No. 37.]

This court lost jurisdiction over this case when it was docketed in the Western District of Washington. *See Lou v. Belzberg,* 834 F.2d 730, 733 (9th Cir. 1987) (holding the "docketing date" is when a transfer under 28 U.S.C. § 1404(a) becomes effective, ending the jurisdiction of the transferor court); *Benjamin v. Bixby,* No. 1:08-CV-1025 AWI DLB, 2009 WL 2588870, at *1 (E.D. Cal. Aug. 18, 2009) (holding transferor court lacked jurisdiction to hear motion for reconsideration after the transferee court had docketed the case); *LFG Nat. Cap., LLC v. Gary, Williams, Finney, Lewis, Watson & Sperando, P.L.*, No. CV 11-4538 PSG (PJWX), 2011 WL 8311110, at *1 (C.D. Cal. Oct. 26, 2011) (same). Accordingly, the court lacks jurisdiction to consider Plaintiff's motion for reconsideration.

Even if the court had jurisdiction to consider Plaintiff's motion, Plaintiff has not established her entitlement to relief from the court's October 27, 2023 Order transferring the case.

Civil Local Rule 7-9 provides that a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). Plaintiff's motion does not address any of these bases for reconsideration and must be denied on that basis.

**IT IS SO ORDERED.**

Dated: October 31, 2023

_____
Judge Donna M. Ryu
Chief Magistrate Judge

2